Andre L. Verdun (SBN 265436)
Attorney at Law
C/O 401 West "A" Street, Ste. 1100
San Diego, CA 92101
Tel. (619) 880-0110
Fax. (866) 786-6993
Email: Andre@VerdunLaw.com

LAGUARDIA LAW, APC
Eric A. LaGuardia (SBN 272791)
402 West Broadway, Suite 800
San Diego, California 92101
Tel: (619) 655-4322
Fax: (619) 655-4344
Email: eal@laguardialaw.com

Attorneys for the Plaintiff,
Barbara J. Colburn

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

**BARBARA J. COLBURN**,

     Plaintiff,

     v.

**SYNCHRONY BANK,** and **DOES 1-10**,

     Defendants.

Case No.:  **'19CV1930 L    MDD**

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

-1-

**COMPLAINT FOR DAMAGES**

*Colburn v. Synchrony Bank*                                Case No.

# I. INTRODUCTION

1.   Ms. Colburn is a victim of identity theft.

2.   Synchrony is a bank who issued a Wal-Mart credit card to Ms. Colburn. Someone other than Ms. Colburn made unauthorized transactions on Ms. Colburn's Wal-Mart credit card account without her consent or authorization. Despite notifying Synchrony that these transactions were not recognized, made, or authorized by Ms. Colburn – including by way of mailing to Synchrony a notarized, completed identity theft affidavit and police report filed regarding the same – Synchrony continued to claim Ms. Colburn owes Synchrony for these transactions.

3.   Without regard for the mailed documents, Synchrony continued to engage in collection efforts including the placing of multiple telephone calls, multiple times a day, to her cell phone, despite her requests to cease. All of this occurred even after Colburn informed Synchrony that she did not owe the debt. Synchrony placed more than 500 calls in about 12 months in an attempt to collect a debt that was not owed.  Synchrony furnished information to the three major credit reporting agencies that it knew or should have known was false and inaccurate.

4.   As a result of Synchrony's unlawful acts and omissions, Ms. Colburn suffered actual damages in the form of serious and severe physical and emotional injury, credit damage, loss of credit opportunities, emotional distress, including nervousness, stress, embarrassment, humiliation, anger, loss of concentration, fear, hopelessness, sleep problems, frustration, anxiety, depression, irritation, and loss of enjoyment of life among other negative emotions.

**COMPLAINT FOR DAMAGES**

*Colburn v. Synchrony Bank*                                    Case No.

5.   According to the FBI, Identity Theft is the fastest growing crime in the United States.  In 2012 alone, 12.6 million people in the United States became victims of identity theft.

6.   According to the FDCPA, 15 U.S.C. § 1692, which has been incorporated by California's Fair Debt Collection Practices Act:

> (a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, **to the loss of jobs**, and to **invasions of individual privacy**.
>
> (b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## II. JURISDICTION AND VENUE

7.   Defendants are authorized to do business and do conduct business in California.

8.   Jurisdiction of this Court arises under 28 U.S.C. § 1337, and supplemental jurisdiction exists for any state law claims pursuant to 28 U.S.C. § 1367.

9.   Venue is proper in that Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

10. Plaintiff, Barbara J. Colburn ("Ms. Colburn" or "Plaintiff"), is a natural person residing in El Cajon, California. Ms. Colburn is a "person" as defined by Cal. Civil Code § 1788.2(g), a "debtor" as defined by Cal. Civil

-3-

**COMPLAINT FOR DAMAGES**

*Colburn v. Synchrony Bank*                                    Case No.

Code § 1788.2(h), and a "victim of identity theft" as defined by Cal. Civil Code § 1798.92(d).

11.   Defendant, Synchrony Bank ("Synchrony" or "Defendant") is a debt collector as that term is defined by California Civil Code § 1788.2(c). Synchrony is a "claimant" as defined by Cal. Civil Code § 1798.92(a).

12.   Synchrony provides consumer financing products, including credit cards.

13.   Defendants, Does 1 through 10, are persons or entities whose true names and capacities are presently unknown to Ms. Colburn, and who are thusly sued by such fictitious names. Ms. Colburn is informed and believes and thereon alleges that each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein, are responsible in some manner for the matters alleged herein, and are jointly and severally liable to Ms. Colburn. Ms. Colburn will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named Defendants when ascertained.

14.   Ms. Colburn alleges that at all times herein mentioned, each of the Defendants was, and is now, the agent, servant, employee and/or other representative of the other Defendants. And in doing the things herein alleged, Defendants were acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge, consent, and ratification of the other Defendants.

15.   Defendants authorized, approved, and/or ratified the acts herein.

16.   Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant by Ms. Colburn to refer to all the Defendants above.

-4-

**COMPLAINT FOR DAMAGES**

## IV. FACTS

17. Plaintiff, Ms. Colburn, is a disabled person over the age of 65.

18. Ms. Colburn obtained a Wal-Mart credit issued by Synchrony which was used without her consent or authorization to make several purchases and cash withdrawals totaling over $6,000 in fraudulent charges.

19. The charges occurred at Wal-Mart located at 2709 Church Street, Conway, SC 29526 on or about October 2017 through March of 2018.

20. Ms. Colburn believes her granddaughter, who has the same first and last name as Ms. Colburn but different middle name/middle initial, was responsible for the unauthorized transactions.

21. The fraudulent charges began on or about October 2017 when Ms. Colburn believes her granddaughter took possession of Ms. Colburn's Wal-Mart credit card without Ms. Colburn's knowledge, permission, or authorization and made several smaller unauthorized transactions that initially went unnoticed by Ms. Colburn for several weeks.

22. Several weeks after the initial unnoticed charges referenced above, Ms. Colburn noticed several larger charges and cash withdrawals Ms. Colburn did recognize, make, or authorize.

23. After Ms. Colburn noticed these unauthorized transactions she became aware of the fraudulent activity on her account and she notified Defendant accordingly. In response, Defendant represented to Ms. Colburn that Defendant would cancel the credit card used for the unauthorized transactions and issue a replacement card to Ms. Colburn on the same account with Defendant.

24. Ms. Colburn, though, never received the replacement credit card that was supposed to have been sent to her by Defendant.

-5-

**COMPLAINT FOR DAMAGES**

25.   Thereafter, despite never receiving the replacement credit card, Ms. Colburn received another statement from Defendant related to the account with Defendant on which there were new, additional unauthorized transactions made with the replacement card Ms. Colburn never received.

26.   Ms. Colburn believes these unauthorized transactions were also made by her granddaughter who likely intercepted the replacement credit card Defendant told Ms. Colburn it would send to her.

27.   Ms. Colburn moved from South Carolina to California on or about July of 2018.

28.   Ms. Colburn's granddaughter died on or about November of 2018.

29.   On April 10, 2019, after notifying Defendant on numerous previous occasions regarding these unauthorized charges over a period of several months, Ms. Colburn also mailed a copy of Ms. Colburn's completed notarized identity theft affidavit as well as a police report Ms. Colburn filed with the Horrey County Police Department in South Carolina regarding these unauthorized transactions.

30.   On or about the end of May of 2019, Ms. Colburn received a letter from Defendant dated May 20, 2019 stating it had "resolved her claim" and confirmed that her card from Defendant was used without Ms. Colburn's consent, and that Defendant would remove the unauthorized charges from her account/bill.

31.   Despite receiving the above letter from Defendant finding Ms. Colburn's credit card was used without her consent as to the charges related to those made with the replacement card Ms. Colburn never received, Defendant separately denied Ms. Colburn's claims related to the

**COMPLAINT FOR DAMAGES**

*Colburn v. Synchrony Bank*                                                      Case No.

other earlier unauthorized transactions made under the same circumstances that occurred via the previously issued credit card.

32. Ms. Colburn attempted to resolve this matter on several occasions directly with Defendant but each time Defendant would simply re-open another internal fraud "investigation" and then deny Ms. Colburn's claims regarding any of the other unauthorized transactions.

33. Ms. Colburn's credit reports include information reported by Defendant regarding delinquent payments based on the unauthorized charges which has severely damaged her credit.

34. Defendant has continuously wrongfully attempted to collect on these unauthorized charges, including attempts to collect by way of calling her cellular telephone after being told to stop calling her.

35. Ms. Colburn provided written notice to Synchrony, at least thirty days prior to filing an action, at the address designated by Synchrony for complaints related to credit reporting issues, that a situation of identity theft might exist, and she explained the basis for that belief.

36. Defendants failed to diligently investigate Ms. Colburn's notification of a possible identity theft and continued to pursue its alleged claims against Ms. Colburn after being presented with facts that clearly establish Ms. Colburn was a victim of identity theft.At all relevant times, the conduct of the Defendant named above, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, in conscious disregard for the rights of others, and constitutes a gross and negligent disregard of the rights of Ms. Colburn.

37. Plaintiff is a "senior citizen" and a "disabled person" as defined in California Civil Code section 1761(f) and (g), and therefore is entitled to treble damages under California Civil Code section 3345.

**COMPLAINT FOR DAMAGES**

*Colburn v. Synchrony Bank*                                          Case No.

## V. CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF –

## CALIFORNIA IDENTITY THEFT STATUTE

### *(Cal Civil Code § 1798.92 et. seq)*

38.   Ms. Colburn repeats and re-alleges the paragraphs above.

39.   Defendants are "claimants" within the meaning of Civil Code § 1798.92(a) in that they are "persons who have or purports to have a claim for money or an interest in property in connection with a transaction procured by identity theft."

40.   Ms. Colburn is a "victim of identity theft" within the meaning of Civil Code § 1798.92(c) in that she is a person who has had her personal identifying information used without authorization by another to obtain credit, goods, services, money, or property which Ms. Colburn did not use or possess. To this extent, she has filed a police report regarding the violation pursuant to Penal Code § 530.5.

41.   Ms. Colburn is a "victim of identity theft" within the meaning of Penal Code section 530.5, in connection with the Synchrony fraudulent charges.

42.   Defendants' acts and omissions violated Civil Code §§ 1798.92 and 1798.93, including but not limited to, the sections listed below.

43.   Pursuant to Civil Code § 1798.93(c)(1), Ms. Colburn is entitled to a declaration that she is not obligated of the claimant, Defendants, for any claim be it money or property.

44.   Ms. Colburn is entitled to a declaration that any security interest that Defendants may have in some property Ms. Colburn allegedly owns or owned is void and/or unenforceable.

-8-

**COMPLAINT FOR DAMAGES**

45.  Pursuant to Civil Code section 1798.93(c)(3), Ms. Colburn is entitled to an injunction restraining Defendants from collecting or attempting to collect from her on its alleged claims, from enforcing or attempting to enforce any security interest or other interest in her alleged property in connection with Defendants' claims, and from enforcing or executing on any judgment against Ms. Colburn on such claims.

46.  Pursuant to Civil Code section 1798.93(c)(5), Ms. Colburn is entitled to actual damages, attorney's fees, costs, and any equitable relief the court deems appropriate.

47.  Pursuant to Civil Code section 1798.93(c)(6), Ms. Colburn is entitled to a civil penalty of up to $30,000 *in addition to any other damages*, as to Defendants.  Ms. Colburn provided written notice to Synchrony, at least thirty days prior to filing an action, at the address designated by Synchrony for complaints related to credit reporting issues, that a situation of identity theft might exist, and she explained the basis for that belief. Defendants failed to diligently investigate Ms. Colburn's notification of a possible identity theft and continued to pursue their alleged claims against Ms. Colburn after being presented with facts that clearly establish Ms. Colburn was a victim of identity theft.

48.  As a result of Defendants' violations, Ms. Colburn is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, and any equitable relief the court deems appropriate.

## SECOND CLAIM FOR RELIEF - RFDCPA

*(Rosenthal Fair Debt Collection Practices Act)*

*(Cal. Civil Code § 1788 et seq.)*

49.  Ms. Colburn repeats and re-alleges, and incorporates by reference all the paragraphs above.

-9-

**COMPLAINT FOR DAMAGES**

*Colburn v. Synchrony Bank*                                          Case No.

50.   Defendants' acts, omissions, and course of conduct, as more fully described above, constitute numerous and multiple violations of Cal. Civil Code § 1788 et seq., aka the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), including but not limited to violations of §§ 1788.11, and 1788.17.

51.   Defendants violated California Civil Code § 1788.11(d) and (e) by communicating by telephone, with the debtor with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances; and for making repeated telephone calls.

52.   Defendants violated California Civil Code § 1788.17 (via incorporation of 15 U.S.C. 1692e, 1692(e)(2), 1692e(5), 1692e(8) and (10)), by making false, deceptive and/or misleading representations in an attempt to collect a debt, attempting to collect a debt that was not owed, misrepresenting the nature, character and amount of a debt, taking action they could not legally take, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

53.   Defendants violated California Civil Code § 1788.17 (via incorporation of 15 U.S.C. 1692f), by engaging in an unfair and unconscionable act in an attempt to collect a debt.

54.   Synchrony violated California Civil Code §1788.17 (via incorporation of 15 U.S.C. 1692c) by failing to cease communicating after consumer notified Defendants in writing that she would not pay the debt or

-10-

**COMPLAINT FOR DAMAGES**

*Colburn v. Synchrony Bank*                                    Case No.

that consumer wished for Defendants to cease further communications with her.

55.   Defendants violated Cal. Civil Code § 1788.17 (via incorporation of 15 U.S.C. 1692d), by engaging in conduct which had the natural consequence to harass, oppress, and abuse Ms. Colburn.

56.   Defendants violated Cal. Civil Code § 1788.17 (via incorporation of 15 U.S.C. 1692e; 1692e(2)(A);1692e(5); 1692(f) and 1692(f)(1)), by engaging in the collection of the debt against Ms. Colburn that was not owed and for an amount not owed.

57.   Defendants violated Cal. Civil Code 1788.18, by failing to comply with California identity theft procedures.

58.   Defendants violated Cal. Civil Code § 1788.17 (via incorporation of 15 U.S.C.1692e(8)) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

59.   As a result of Defendants' violations, Ms. Colburn is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to Cal. Civil Code § 1788.17 and 1788.30.

**THIRD CLAIM FOR RELIEF – INTRUSION UPON SECLUSION**

60. Ms. Colburn repeats, re-alleges, and re-incorporates by reference all of the paragraphs above as though fully stated herein.

61. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, **to the loss**

-11-

**COMPLAINT FOR DAMAGES**

**of jobs**, and **to invasions of individual privacy.** 15 U.S.C. § 1692(a) (emphasis added).

62.   One who intentionally intrudes, physically or otherwise, upon the seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the invasion would be highly offensive to a reasonable person.

63.   Ms. Colburn has a reasonable expectation of privacy in regards to her private affairs or concerns, in this case her alleged debts.

64.   Ms. Colburn likewise has a reasonable expectation of privacy in regards to her solitude and the seclusion of her person, against intrusion by another, especially as it relates to Defendants' ongoing, harassing, and baseless debt collection practices.

65.   Defendants intentionally interfered, physically or otherwise, upon Ms. Colburn's solitude, seclusion, as well as into her private affairs and concerns by engaging in unlawful and intrusive communications, as noted above.

66.   Defendants caused intentional harm to Ms. Colburn's emotional well-being by engaging in highly offensive conduct in the course of collecting this debt, as noted above.

67.   These intrusions and invasions against Ms. Colburn by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

68.   Defendants' intentional conduct caused both emotional and physical harm to Ms. Colburn as stated above.

69.   As a result of such invasions of privacy, Ms. Colburn is entitled to actual damages in an amount to be determined at trial from Defendants.

**COMPLAINT FOR DAMAGES**

*Colburn v. Synchrony Bank*                                           Case No.

70. Defendants acted in a despicable manner and in conscious disregard of Ms. Colburn's rights.

71. Defendants engaged in conduct, the natural consequence of which was to annoy and abuse; it made false, deceptive and misleading statements in an attempt to collect a debt; it attempted to collect amounts not owed by law or agreement; it also engaged in unfair practices in an attempt to collect a debt, among other violations.

72. Defendants also acted with oppression, fraud, and/or malice, thereby entitling Ms. Colburn to punitive damages in an amount according to proof and a finder of fact at trial.

## FOURTH CLAIM – NEGLIGENT TRAINING AND SUPERVISION

73. Ms. Colburn incorporates by reference the above paragraphs as though fully stated herein below.

74. Defendants negligently trained and supervised their employees and agents as to the performance of their job duties. As a result of such negligent instruction and supervision, the employees/agents, while carrying out their job duties, caused injury and damage to Ms. Colburn.

75. As a direct and proximate result of Defendants' unlawful conduct, Ms. Colburn has suffered damages in an amount to be determined at trial.

76. Defendants acted with oppression, and/or malice, thereby entitling Ms. Colburn to punitive damages in an amount to be determined at trial. Defendants acted in a despicable manner and acted with a conscious disregard to the rights of Ms. Colburn.

## FIFTH CLAIM – NEGLIGENCE

77. Ms. Colburn incorporates by reference the above paragraphs as though fully stated herein below.

**COMPLAINT FOR DAMAGES**

*Colburn v. Synchrony Bank*                                                    Case No.

78. Defendants' outrageous, abusive, and intrusive acts as described herein constitute negligence.

79. Defendants negligently inflicted emotional distress upon Ms. Colburn.

80. Defendants breached a duty imposed and failed to exercise ordinary care.

81. Defendants owed Ms. Colburn a duty to refrain from unlawful debt collection practices (Cal. Civil Code §1788 et seq.), unlawful telephone conduct (Penal Code §653m and the TCPA – Telephone Consumer Protection Act 47 U.S.C. §227(b)(1)(A)), and to properly investigate a claim of identity theft (Cal. Civil Code 1798.92 et seq).

82. The breach of such duty proximately caused injury to Ms. Colburn.

83. The injury resulted from an occurrence, the nature of which these statutes were designed to protect Ms. Colburn from.

84. Ms. Colburn is a member of the class of persons the statutes were designed to protect.

85. Defendants' conduct, as described herein, was wrongful conduct in that Defendants conducted their business in an abusive, oppressive, and harassing manner.

86. As a direct and proximate result of Defendants' unlawful conduct, Ms. Colburn has suffered damages in an amount to be determined at trial. Defendants' wrongful conduct as described herein actually and proximately caused Ms. Colburn's harm, as noted above.

87. Defendants acted with oppression, and/or malice, thereby entitling Ms. Colburn to punitive damages in an amount to be determined at

**COMPLAINT FOR DAMAGES**

*Colburn v. Synchrony Bank*                                                    Case No.

trial. Defendants acted in a despicable manner and acted with a conscious disregard to the rights of Ms. Colburn.

## SIXTH CLAIM – TCPA

*(Telephone Consumer Protection Act* 47 U.S.C. § 227 et seq.*)*

88.  Ms. Colburn repeats, re-alleges and incorporates by reference all other paragraphs.

89.  At all times relevant to this complaint, Ms. Colburn was and is a "person" as defined by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 153(39).

90.  At all times relevant to this complaint, Defendants have owned, operated, and or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

91.  Defendants, at all times relevant to the complaint herein, engaged in "telecommunications" defined by the TCPA, 47 U.S.C § 153(50).

92.  Defendants, at all times relevant to the complaint herein, engaged and engage in "interstate communications" by the TCPA, 47 U.S.C. §153(28).

93.  At all times relevant to this complaint, Defendants used, controlled, and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

94.  At all times relevant to this complaint, Defendants used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200 (f)(1).

**COMPLAINT FOR DAMAGES**

*Colburn v. Synchrony Bank*                                    Case No.

95.   Defendants' automated telephone dialing system has the ability to dial phone numbers automatically from a stored list, or database file.

96.   Defendants' automated telephone dialing system has the present ability to generate random or sequential phone numbers and dial them.

97.   Defendants violated the TCPA, 47 U.S.C. § 227(b)(1)(A), by using an automatic telephone dialing system to telephone Ms. Colburn's cellular phone in an attempt to collect an alleged debt.

98.   Defendants frequently made calls to Ms. Colburn's cell phone using an automatic telephone dialing system (including an automated dialing machine, dialer, and auto-dialer) and/or an artificial or prerecorded voice.

99.   Defendants placed auto-dialer or prerecorded calls to Ms. Colburn's cellular telephone

100. Defendants' violations were willful and knowing and intentional.

101. As a result of these violations of the TCPA, Defendants are liable to Ms. Colburn for statutory damages, including treble damages.

102. Defendants engaged in willful and knowing violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

103. Defendants used an automated telephone dialing system and pre-recorded messages to telephone Ms. Colburn's cellular telephone.

104. Defendants acted with oppression, fraud, and/or malice, thereby entitling Ms. Colburn to punitive damages in an amount according to proof and a finder of fact at trial.

105. Ms. Colburn is entitled to recover actual and punitive damages.

///

///

-16-
**COMPLAINT FOR DAMAGES**

## SEVENTH CLAIM – CALIFORNIA CONSUMER
## CREDIT REPORTING ACT

106. Ms. Colburn repeats, re-alleges and incorporates by reference all other paragraphs.

107. Defendants negligently and willfully furnished information to the credit reporting agencies with respect to plaintiff they knew or should have known was inaccurate, misleading and incomplete.

108. Defendants failed to conduct a reasonable investigation as to whether their credit reporting with respect to plaintiff was accurate, misleading or incomplete.

109. Plaintiff is entitled to actual damages, attorneys' fees, costs, punitive damages and injunctive relief, pursuant to Cal. Civ. Code § 1785.31, as a result of Defendants' willful and malicious conduct.

## EIGHTH CLAIM – BPC 17200

110. Plaintiff repeats the foregoing paragraphs as if fully reinstated herein. Defendants' unlawful business acts and/or practices as alleged herein have violated numerous laws and/or regulations and said predicate acts are therefore per se violations of Bus. and Prof. Code § 17200 et seq. Business and Professions Code 17200-17205 prohibits business acts and practices that are unlawful, unfair and deceptive.

111. Defendants' acts and practices alleged above constitute unlawful, unfair and deceptive business practices.

112. Public injunctive relief should be awarded against Defendants for their unlawful, unfair, and deceptive acts and practices as provided by Bus. & Prof. Code 17203.

113. Defendants' unlawful, unfair and deceptive business practices present a continuing threat in that Defendants are currently engaging in

**COMPLAINT FOR DAMAGES**

*Colburn v. Synchrony Bank*                                          Case No.

such acts and practices and will persist and continue to do so unless and until an injunction is issued by this Comi. As such, pursuant to Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendant from engaging in the acts and business practices as described above.

114. Plaintiff has suffered injury in fact and has lost money or property as the result of the unfair competition and business practice. Plaintiff suffered an invasion or injury to a legally protected interest.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Ms. Colburn, respectfully prays that judgment be entered against Defendants for the following:

 A. Statutory, treble, actual and punitive damages; attorney's fees and costs;

 B. Statutory and actual damages pursuant to Cal. Civil Code §§ 1788.30 and 1788.17;

 C. Statutory, actual and punitive damages pursuant to Cal. Civil Code §§ 1785.31;

 D. Statutory damages pursuant to the TCPA §227(b)(3), (including a trebling of those damages);

 E. Costs and reasonable attorney's fees pursuant to Cal. Civil Code §§ 1788.30, 1785.31 and 1798.93;

 F. Punitive damages pursuant to Cal. Civil Code § 3294;

 G. Statutory, actual and Punitive Damages pursuant to § 1798 *et seq*;

 H. Injunctive relief pursuant to § 1785.31, 1798.93 and 47 U.S.C. §227(b)(3)(A), BPC § 17200;

 I. That this Court find and declare that Ms. Colburn is a victim of identity theft with respect to the above-mentioned account;

## COMPLAINT FOR DAMAGES

*Colburn v. Synchrony Bank*         Case No.

J. For declaratory, injunctive, and other equitable relief, including an order directing Defendants to cease from any reporting of this fraudulent account or any other inaccurate or incomplete information arising out of this fraud on Ms. Colburn's credit reports.

K. For such other and further relief as may be just and proper.

Dated: **September 23, 2019**

 s/Eric A. LaGuardia
Eric A. LaGuardia,
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, Ms. Colburn, demands trial by jury in this action.

Dated: **September 23, 2019**

 s/Eric A. LaGuardia
Eric A. LaGuardia,
Attorneys for Plaintiff

**COMPLAINT FOR DAMAGES**

*Colburn v. Synchrony Bank*                                    Case No.